UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBYN COLEMAN,<br><br>              Plaintiff,<br>    v.<br><br>EVERGREEN PUBLIC SCHOOLS,<br><br>              Defendant. | CASE NO. C18-5556 RBL<br><br>ORDER GRANTING APPLICATION FOR IFP AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Dkt. #1] and proposed Motion for Appointment of Counsel [Dkt. #1-3].

**I. IFP APPLICATION**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Coleman meets the standard to proceed *in forma pauperis* and her IFP application [Dkt. #1] is **GRANTED** and the Clerk shall file her proposed Complaint [Dkt. 1-1].

The Clerk shall send service forms to the plaintiff. ***The plaintiff shall return the service forms and the correct number of service copies of her complaint to serve each named defendant within 30 days of entry of this Order***. The service forms must be completely and accurately filled out. The failure to return to the Clerk the service forms and service copies of the complaint within 30 days of entry of this Order will result in the dismissal of plaintiff's complaint.

## II. MOTION TO APPOINT COUNSEL

In exceptional circumstances, the court may ask an attorney to represent any person unable to afford counsel under 28 U.S.C. § 1915(e)(1). *Franklin*, 745 F.2d at 1236. To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Although the Court grants Plaintiff's IFP application, Coleman has not shown a likelihood of success on the merits. Based on her proposed complaint, Coleman can sufficiently articulate her claims *pro se*. Because Coleman has not demonstrated exceptional circumstances

1 | that justify appointing legal counsel, her proposed motion for court-appointed counsel [Dkt.1-3]
2 | is **DENIED**.

IT IS SO ORDERED.

Dated this 10th day of August, 2018.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge

ORDER GRANTING APPLICATION FOR IFP
AND DENYING MOTION FOR APPOINTMENT
OF COUNSEL - 3